UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENZO PECCARINO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GRAB HOLDINGS LIMITED, ANTHONY TAN, and PETER OEY,<br><br>Defendants. | Case No.  1:22-cv-02189-VM<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SI FAN AND AMIT BATRA FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL |
| SI FAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GRAB HOLDINGS LIMITED, ANTHONY TAN, and PETER OEY,<br><br>Defendants. | Case No.  1:22-cv-03277-VM |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................1

STATEMENT OF FACTS .......................................................................................................2

ARGUMENT.............................................................................................................................3

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL
           PURPOSES.................................................................................................................3

    B.    FAN AND BATRA SHOULD BE APPOINTED CO-LEAD
           PLAINTIFFS .............................................................................................................5

           1.    Fan and Batra Are Willing to Serve as Class Representatives ...................6

           2.    Fan and Batra Have the "Largest Financial Interest" .................................6

           3.    Fan and Batra Otherwise Satisfy the Requirements of Rule 23 of
               the Federal Rules of Civil Procedure ............................................................7

           4.    Fan and Batra Will Fairly and Adequately Represent the Interests
               of the Class and Are Not Subject to Unique Defenses .............................11

    C.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
           APPROVED ............................................................................................................11

CONCLUSION........................................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................8

*Barnet v. Elan Corp., PLC*,
236 F.R.D. 158 (S.D.N.Y. 2005) ........................................................................................10

*Bassin v. Decode Genetics, Inc.*,
230 F.R.D. 313 (S.D.N.Y. 2005) ..........................................................................................4

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229 (S.D.N.Y. 1992) ..........................................................................................9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) ..........................................................................................4

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018)............................7

*Dookeran v. Xunlei Ltd.*,
No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .......................................9

*Fan v. Grab Holdings Limited et al*,
No. 1:22-cv-03277 ..............................................................................................................1

*Fischler v. AMSouth Bancorporation*,
No. 96-1567-Civ-T-17A, 1997 WL 118429 (M.D. Fla. Feb. 6, 1997).....................................8

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ..........................................................................................9

*Gluck v. CellStar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) .......................................................................................8

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017).......................10

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)..............................................................................................7, 10

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ...................7, 12

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992).................................................................................8

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ................................4, 5

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ......................................................................11

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .................................................................7, 8

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ......................................................................8

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) .....................................................................4

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) .....................................................................8

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990)........................................................................4

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ......................................................................8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) .....................................................................11

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)...............................................6

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
   No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ............................................10

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993)..........................................................................4

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ................................7

*Peccarino v. Grab Holdings Limited et al*,
   No. 1:22-cv-02189 ..................................................................................1, 6

iii

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ......................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)..............................................................................11

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
    No. CIV.A. 13-6731, 2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) ........................................10

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) .........................................................................................10

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................... *passim*

Securities Exchange Act of 1934...............................................................................1, 5

**Rules**

Fed. R. Civ. P. 23.................................................................................................... *passim*

Fed. R. Civ. P. 42...........................................................................................................4

**Other Authorities**

*Manual for Complex Litigation (Third)* § 20.123 (1995) ................................................4

iv

Movants Si Fan and Amit Batra (together, "Fan and Batra") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Fan and Batra as Co-Lead Plaintiffs on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Grab Holdings Limited ("Grab" or the "Company") securities between August 2, 2021 and March 3, 2022, both dates inclusive (the "Class Period") (the "Class"); and (3) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Defendants defrauded investors in violation of the Exchange Act. Grab investors, including Fan and Batra, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Grab securities to fall sharply, damaging Fan and Batra and other Grab investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that

---

[1] The complaint in the first-filed of the Related Actions, styled *Peccarino v. Grab Holdings Limited et al*, No. 1:22-cv-02189 (the "*Peccarino* Action"), filed in this Court on March 16, 2022, alleges a class period that only includes persons and entities that purchased or otherwise acquired Grab securities between November 12, 2021 and March 3, 2022, inclusive. On April 21, 2022, the second-filed of the Related Actions, styled *Fan v. Grab Holdings Limited et al*, No. 1:22-cv-03277 (the "*Fan* Action") was filed in this Court, alleging substantially the same wrongdoing against the same defendants, and with a larger class period including all persons and entities that purchased or otherwise acquired Grab securities between August 2, 2021 and March 3, 2022, inclusive. Therefore, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the *Fan* Action.

1

satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with their purchases of Grab securities during the Class Period, Fan and Batra incurred losses of approximately $970,618. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Accordingly, Fan and Batra believe that they have the largest financial interest in the relief sought in the Related Actions.

Beyond their considerable financial interest, Fan and Batra also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Related Actions on behalf of the Class, Fan and Batra have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Fan and Batra respectfully request that the Court enter an order consolidating the Related Actions, appointing them as Co-Lead Plaintiffs for the Class, and approving their selection of Pomerantz as Lead Counsel for the Class.

## **STATEMENT OF FACTS**

As alleged in the Complaints in the Related Actions, Grab offers a superapp that operates primarily across the deliveries, mobility, and digital financial services sectors in Southeast Asia.

On December 1, 2021, Grab became a public entity via a business combination with Altimeter Growth Corp., a special purpose acquisition company.

On March 3, 2022, at 7:01 a.m. Eastern, Grab disclosed that its fourth quarter revenues had declined 44% from the previous quarter and reported a $1.1 billion loss for the quarter. Grab's

2

Chief Financial Officer attributed the poor financial results to "invest[ing] heavily" in driver incentives and stated that it would take one or two quarters "to get that equilibrium between drivers and riders, between supply and demand."

On this news, the Company's stock price fell $2.04, or 37.3%, to close at $3.28 per share on March 3, 2022, on unusually heavy trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Grab's driver supply declined during the third quarter; (2) that, as a result, Grab continued to invest heavily in driver and consumer incentives to "preemptively recalibrate driver supply"; (3) that, as a result, the Company's financial results would be adversely impacted, including, among other things, a significant decline in revenue; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Fan and Batra and other Class members have suffered significant losses and damages.

## ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the

3

actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at \*1-\*3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law and fact. Each action is brought against the Company, as well as certain officers or directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Grab's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same

4

statements and the defendants will not be prejudiced); *In re GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

### B.    FAN AND BATRA SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Fan and Batra should be appointed Co-Lead Plaintiffs because they have the largest financial interest in the Related Actions to their knowledge and otherwise meet the requirements of Rule 23.  Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Fan and Batra satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### 1.   Fan and Batra Are Willing to Serve as Class Representatives

On March 16, 2022, counsel for the plaintiff in the *Peccarino* Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and advised investors in Grab securities that they had until May 16, 2022—*i.e.*, 60 days from the date of the Notice—to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. B.

Fan and Batra have filed the instant motion pursuant to the Notice and have submitted signed Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Fan and Batra satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### 2.   Fan and Batra Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of their knowledge, Fan and Batra have the largest financial interest of any Grab investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill.

Aug. 6, 1997).  In accord with other courts nationwide,[2] these *Lax* factors have been adopted and routinely applied by courts in this judicial district.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Fan and Batra: (1) purchased 121,087 Grab shares and 841 Grab options contracts; (2) expended $1,551,421 on their purchases; (3) retained 65,740 of their Grab shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $970,618 in connection with their Class Period purchases of Grab securities.  *See* Lieberman Decl., Ex. A.  Because Fan and Batra possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.  Fan and Batra Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the

---

[2] *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23". *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v.*

8

*Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The claims of Fan and Batra are typical of those of the Class. Fan and Batra allege, as do all Class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitting to state material facts necessary to make the statements they did make not misleading. Fan and Batra, as did all Class members, purchased Grab securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

Fan and Batra are adequate representatives for the Class. There is no antagonism between the interests of Fan and Batra and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, Fan and Batra have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Related Actions, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

9

Moreover, Fan and Batra constitute an appropriate group of the type routinely appointed to serve as Co-Lead Plaintiffs. *See, e.g.*, *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiffs); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).

Fan and Batra likewise have demonstrated their adequacy because they are a small and cohesive group of two investors who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D. Courts routinely appoint more than one investor as Lead Plaintiffs under such circumstances. *See, e.g.*, *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at *7-*9, *12 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-

10

CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

### 4. Fan and Batra Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Fan and Batra as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Fan and Batra to fairly and adequately represent the Class has been discussed above. Fan and Batra are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class. Accordingly, Fan and Batra should be appointed Co-Lead Plaintiffs for the Class.

### C. CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

11

Here, Fan and Batra have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Ex. E. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat investors that it has reached a $110 million settlement with the company. *See id.* As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in the Related Actions, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Related Actions. Thus, the Court may be assured that by approving the selection of Lead Counsel by Fan and Batra, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Fan and Batra respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Fan and Batra as Co-Lead Plaintiffs for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated: May 16, 2022                                    Respectfully submitted,

                                                       POMERANTZ LLP

                                                       */s/ Jeremy A. Lieberman*
                                                       Jeremy A. Lieberman

12

J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Fan and Batra and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Fan and Batra*

13