**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
VINCENZO PECCARINO, Individually and      :   No. 1:22-cv-02189-VM
On Behalf of All Others Similarly Situated,      :
                                                      :   CLASS ACTION
                Plaintiff,                           :
                                                      :
        v.                                           :
                                                      :
GRAB HOLDINGS LIMITED, ANTHONY      :
TAN, and PETER OEY,                           :
                                                      :
                Defendants.                        :
_____   :
                                                      :
SI FAN, Individually and On Behalf of          :   No. 1:22-cv-03277-VM
All Others Similarly Situated,                    :
                                                      :   CLASS ACTION
                Plaintiff,                           :
                                                      :
        v.                                           :
                                                      :
GRAB HOLDINGS LIMITED, ANTHONY      :
TAN, and PETER OEY,                           :
                                                      :
                Defendants.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**GRAB HOLDINGS LIMITED'S RESPONSE TO MOTIONS FOR**
**APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S**
**SELECTION OF COUNSEL**

Defendant Grab Holdings Limited ("Grab")[1] respectfully submits the following response to the motions for appointment of lead plaintiff and approval of lead plaintiff's selection of counsel, in the above-captioned actions.[2]

1.  Grab takes no position on the appointment of lead plaintiff or the approval of lead counsel.[3]  However, Grab respectfully submits that any decision as to the appointment of lead plaintiff is without prejudice to any determination made in connection with class certification in the event any consolidated complaint survives anticipated motions to dismiss.  The preliminary determination of Rule 23 factors for purposes of appointing a lead plaintiff is not the same and should not predetermine how the Court might resolve such factors should this case reach the class certification stage.  *See Villare v. ABIOMED*, No. 19 Civ. 7319 (ER), 19 Civ. 9258 (ER), 2020 WL 3497285, at *5 (S.D.N.Y. June 29, 2020) (recognizing that "a court need not conduct a full analysis of whether the requirements of Rule 23 have been met" at the lead plaintiff stage (citation omitted)); *see also Yates v. Open Joint Stock Co.*, No. 04 Civ. 9742 (NRB), 2005 WL 1018428, at *2 (S.D.N.Y. Apr. 29, 2005) (noting that defendants' attacks on typicality and adequacy were not appropriate until class certification).  All movants concede that in determining the lead plaintiff motions, unlike in a full Rule 23 class certification determination, the Court only requires a preliminary showing that two of the four Rule 23(a) requirements are met.  *See* ECF No. 12 at 6, ECF No. 14 at 6, ECF No. 18 at 7, ECF No. 20 at 7, ECF No. 26 at 5

---

[1]  The actions originally captioned *Peccarino v. Grab*, No. 1:22-cv-02189-VM and *Fan v. Grab*, No. 1:22-cv-03277-VM also assert claims against Anthony Tan and Peter Oey (collectively, the "Individual Defendants"). We understand that the Individual Defendants do not reside in the United States and have not yet been served.

[2]  Specifically, Grab responds to the motions of lead plaintiff movants Hui Jie Lim (ECF No. 10), Arman Aghaei Knight and Rujun Zheng Knight (ECF No. 13), SLG Cloudbank Holdings, LLC (ECF No. 17), 121 Support, Inc. (ECF No. 19), Si Fan and Amit Batra (ECF No. 24) and Sanjay Mirchandani (ECF No. 25).  All references to ECF herein pertain to filings in *Peccarino v. Grab*.

[3]  Grab does not waive, and expressly preserves, all defenses.

1

and ECF No. 28 at 8; *see also Omdahl v. Farfetch*, No. 19-cv-86576, 2020 WL 3072291, at *3 (S.D.N.Y. June 10, 2020) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA . . . the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements [of Rule 23] have been met.") (internal quotations and citation omitted).

2.    Further, Grab objects to the proposed orders submitted by movants SLG Cloudbank Holdings, LLC and Si Fan and Amit Batra to the extent they seek to include a provision regarding document preservation. *See* ECF No. 17 at ¶ 13 and ECF No. 27 at ¶ 15. Such provisions are not necessary and are duplicative of existing document preservation obligations. The obligation to preserve relevant documents is set forth under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(C)(i), and applies to *all* parties in the litigation. *See Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*, No. 3:15-cv-7350 (FLW), 2016 WL 3032684, at *8-9 (D.N.J. May 26, 2016) (relying on *Pirelli* to deny lead plaintiff movant's provision for document preservation); *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-cv-03495 (AT) (BCM), 2016 WL 5867497, at *6 (S.D.N.Y. Oct. 4, 2016) (citing *Pirelli* and denying lead plaintiff movant's provision for document preservation as duplicative); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBrance & Co.*, 229 F.R.D. 395, 421 (S.D.N.Y. 2004) (denying lead plaintiff movant's unopposed motion for an order requiring the preservation of evidence because the obligation that all parties preserve relevant documents is "statutorily automatic," and "such an order would either unnecessarily duplicate the obligations created under the PSLRA or . . . alter those obligations without justification"). Moreover, proposed lead plaintiffs have failed to attempt to make any evidentiary showing that Grab is not complying with its preservation obligations, rendering such an order unwarranted.

2

3.    Grab also objects to movant Si Fan and Amit Batra's proposed order insofar as it purports to modify the appropriate methods for effecting service upon the parties. *See* ECF No. 27 at ¶ 14. Grab understands your Honor's Individual Practices, including Rule II.G's requirement that communications with the Court "be filed in the Clerk's Office or via ECF promptly after service," and subject to them, Grab submits that ECF filings are deemed properly served under S.D.N.Y. Local Rule 5.2(a). Moreover, Grab further objects to the extent movant Si Fan and Amit Batra seek to modify in any way the methods and procedures governing service of process.

## CONCLUSION

While Grab takes no position on the motions for lead plaintiff, Grab respectfully requests that any request to include document preservation and service of papers provisions in an order appointing lead plaintiff and lead counsel be denied.

Dated:    New York, New York
          May 31, 2022

/s/ Susan L. Saltzstein
Susan L. Saltzstein
Jeffrey S. Geier
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Phone: (212) 735-3000
Fax: (212) 735-2000
Susan.Saltzstein@skadden.com
Jeffrey.Geier@skadden.com

*Attorneys for Defendant Grab Holdings Limited*

3