# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCIS LUCCHESE-SOTO, KEVIN MCGUIRE, MATTHEW WICKHAM, and AMITAI HELLER, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>THE CRITERION COLLECTION, LLC,<br><br>              Defendant. | Case No. 1:24-cv-07345-VEC<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF PATRICK M. PASSARELLA OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH FINAL APPROVAL OF SETTLEMENT**<br><br>Date: October 15, 2025<br>Time: 2:30 PM ET<br>Courtroom: 20C<br><br>The Hon. Valerie E. Caproni |

I, Patrick M. Passarella, declare as follows:

## INTRODUCTION

1.    I am a Senior Director of Kroll Settlement Administration LLC ("Kroll"),[1] the Settlement Administrator[2] appointed in the above-captioned case, whose principal office is located at One World Trade Center, 285 Fulton Street, 31st Floor, New York, New York 10007. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision. This declaration is being filed in connection with final approval of the Settlement.

2.    Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, privacy, securities fraud, labor and employment,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement (as defined below).

[2] The Preliminary Approval Order appoints "Kroll, LLC" as the Settlement Administrator. Kroll, LLC is the parent company of Kroll Settlement Administration LLC, the actual Settlement Administrator in this case.

consumer, and government enforcement matters. Kroll has provided notification and/or claims administration services in more than 3,000 cases.

## BACKGROUND

3.      Kroll was appointed as the Settlement Administrator to provide notification and claims administration services in connection with the Class Action Settlement Agreement (the "Settlement Agreement") entered into in this Action. Kroll's duties in connection with the Settlement have and will include: (a) preparing and sending notices in connection with the Class Action Fairness Act; (b) receiving and analyzing the Class List from Defendant's Counsel. (c) creating a Settlement Website with online claim filing capabilities; (d) establishing a toll-free telephone number; (e) establishing a post office box for the receipt of mail; (f) preparing and sending Notice via email ("Email Notice"); (g) preparing and sending Notice via first-class mail ("Postcard Notice") where Email Notice was unsuccessful; (h) receiving and processing mail from the United States Postal Service ("USPS") with forwarding addresses; (i) receiving and processing undeliverable mail, without a forwarding address, from the USPS; (j) receiving and processing Claim Forms; (k) receiving and processing exclusion requests; and (l) such other tasks as counsel for the Parties or the Court request Kroll to perform.

## NOTICE PROGRAM

### The CAFA Mailing

4.      As noted above, on behalf of the Defendant, Kroll provided notice of the proposed Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §1715(b) ("the CAFA Notice"). At Defendant's Counsel's direction, on May 23, 2025, Kroll sent the CAFA Notice identifying the documents required, a true and correct copy of which is attached hereto as **Exhibit A**, via first-class certified mail, to (a) the Attorney General of the United States, (b) the fifty-five (55) state and territorial Attorneys General identified in the service list for the CAFA Notice, attached hereto as **Exhibit B**, and (c) via email to the Nevada Attorney General. The CAFA Notice directed the Attorneys General to the website www.CAFANotice.com, a site that contains all the documents relating to the Settlement referenced in the CAFA Notice.

**Data and Case Setup**

5.      On June 6, 2025, Kroll received 1 data file from the Defendant.  The file contained 409,660 records for Class Members with the following fields for Criterion ID, First Name, Last Name, and Email Address. Kroll undertook several steps to review the Class List in preparation for the Email Notice. Krolll performed de-dupe, roll-up, and standardization for all records, in addition to high level clean up of invalid names. The process resulted in a final Class List of 409,486 Class Members to be sent Email Notice. Additionally, in an effort to ensure that Notices would be deliverable to Class Members via first-class mail where an Email Notice is undeliverable ("Postcard Notice"), Kroll ran the Class List through a reverse email search to obtain names and physical addresses associated with email addresses.

6.      On May 28, 2025, Kroll created a dedicated Settlement Website entitled criterionchannelsettlement.com (the "Settlement Website").  A static version of the Settlement Website "went live" on June 2, 2025, and contained a summary of the Settlement, important dates and deadlines, contact information for the Settlement Administrator, answers to frequently asked questions, downloadable copies of relevant documents, including the Settlement Agreement, Preliminary Approval Order, operative complaint, and long-form Notice. On June 20, 2025, the dynamic version of the Settlement Website "went live," which added a "Contact Us" widget and allowed Class Members an opportunity to file a Claim Form online or download and print a Claim Form.

7.      On May 29, 2025, Kroll established a toll-free telephone number, (833) 420-3829, for Class Members to call and obtain additional information regarding the Settlement through an Interactive Voice Response ("IVR") system.  As of October 3, 2025, the IVR system has received 544 calls.

8.      On May 27, 2025, Kroll designated a post office box with the mailing address *Criterion Channel Settlement,* c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391, in order to receive exclusion requests, Claim Forms, and correspondence from Class Members.

**The Notice Program**

9.      On June 20, 2025, Kroll caused the Email Notice to be sent to the 409,486 email addresses on file for Class Members, as noted above. A true and correct copy of a complete exemplar Email Notice (including the subject line) is attached hereto as **Exhibit C.**

10.      Of the 409,486 emails attempted for delivery, 36,930 emails were rejected/bounced back as undeliverable. Kroll performed a search for an alternate email for 15,711 records for those Class Members that no mailing address was found. The alternate email search yielded 564 results and a second email attempt was sent to those Class Members. Of these, 388 emails were rejected/bounced back as undeliverable.

11.      On July 15, 2025, Kroll caused the mailing of 21,219 Postcard Notices via first-class mail to Class Members whose Email Notice was rejected/bounced back as undeliverable and a mailing address was available. A true and correct copy of the Postcard Notice, along with the Claim Form and long-form Notice, are attached hereto as **Exhibits D, E,** and **F**, respectively.

**NOTICE PROGRAM REACH**

12.      As of October 3, 2025, one (1) Postcard Notice was returned by the USPS with a forwarding address and was re-mailed by Kroll to the updated address provided by the USPS.

13.      As of October 3, 2025, ninety-seven (97) Postcard Notices were returned by the USPS as undeliverable as addressed, without a forwarding address. Kroll ran 97 undeliverable records through an advanced address search. The advanced address search produced sixty-six (66) updated addresses. Kroll has re-mailed Postcard Notices to the 66 updated addresses obtained from the advanced address search. Of the 66 re-mailed Postcard Notices, none have been returned as undeliverable a second time.

14.      Based on the foregoing, following all Notice re-mailings, Kroll has reason to believe that direct Notice likely reached 393,920 of the 409,486 Class Members, which equates to a reach rate of the direct notice of approximately 96.2%. This reach rate is consistent with other court-approved, best-practicable notice programs and Federal Judicial Center Guidelines, which

state that a notice plan that reaches[3] over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.[4]   The table below provides an overview of dissemination results for the direct Notice program.

| Direct Notice Program Dissemination & Reach | | |
|---|---|---|
| **Description** | **Volume of Class Members** | **Percentage of Class Members** |
| Class Members | 409,486 | 100.0% |
| **Initial Notice Mailing** | | |
| (+) Email Notices Sent (Initial Campaign) | 409,486 | 100.0% |
| (-) Total Email Notices returned as undeliverable | (36,930) | 9.02% |
| **Supplemental Notice Mailing** | | |
| (+) Total Postcard Notices Mailed | 21,219 | 5.2% |
| (+) Total Second Email Notice Attempt | 564 | 0.1% |
| (-) Total Undeliverable Postcard Notices | (97) | 0.02% |
| (+) Total Postcard Notices Re-Mailed | 66 | 0.02% |
| (-) Total Undeliverable (Re-Mailed) Postcard Notices | (388) | 0.0% |
| **Direct Notice Program Reach** | | |
| (=) Likely Received Direct Notice | 393,920 | 96.2% |

## REMINDER NOTICE

15.    On August 5, 2025, Kroll caused 345,868 reminder emails to be sent to Class Members whose Email Notice was delivered successfully and who had not yet filed a Claim Form or requested exclusion. On August 12, 2025, a second reminder email was sent to 334,550 Class Members. A true and correct copy of a complete exemplar reminder email (including the subject line) is attached hereto as **Exhibit G**.

## CLAIM ACTIVITY

16.    The Claims Deadline was August 19, 2025.

---

[3] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. The guide suggests that the minimum threshold for adequate notice is 70%.

[4] Barbara Rothstein and Thomas Willging, Federal Judicial Center Managing Class Action Litigation:  A Pocket Guide for Judges, at 27 (3d ed. 2010).

17.     As of October 3, 2025, Kroll has received 434 Claim Forms through the mail and 51,634 Claim Forms filed electronically through the Settlement Website.

18.     To prevent Claim Forms from being filed by individuals outside the Settlement Class and to curtail fraud, Class Members were provided a unique "Class Member ID" on their respective Notices as part of the claims process. The Class Member ID is required for Class Members to file a Claim Form online.

19.     Of the 52,068 Claim Forms received, 51,601 were determined to be valid.

20.     467 claims were rejected. 350 claims were rejected due to being filed by individuals not in the class list. Ninety-three (93) claims were rejected due to being duplicates. Fourteen (14) claims were rejected because the Class Member failed to cure their deficiency.  Nine (9) claims were rejected due to being late. One (1) claim was rejected because the Class Member had requested to be excluded.

21.     Of the 52,068 Claim Forms received, sixteen (16) were deficient due to failure to properly sign and date the Claim Form. Kroll sent an email that informed the Class Member of their deficiency and provided instruction to mail a Claim Form to Kroll. Two (2) Class Members successfully cured their deficiency.

22.     As of October 3, 2025, Kroll has received nine (9) late Claim Forms.

## EXCLUSIONS AND OBJECTIONS

23.     The Objection/Exclusion Deadline was August 19, 2025.

24.     Kroll received nine (9) timely exclusion requests. A list of the exclusions is attached hereto as **Exhibit H**. Class members were not instructed to submit their objections to the Settlement Administrator, and none have been received by Kroll.

## SETTLEMENT ADMINISTRATION EXPENSES

25.     As of October 3, 2025, Kroll has billed $145,798.04 in Settlement Administration Expenses for services and fees incurred in the administration of this matter. Kroll estimates that it will bill an additional $85,000-$95,000 to complete the administration of this Settlement. The current estimate is subject to change depending on factors such as the number of claims remaining

to be reviewed and/or any Settlement administration scope change not currently under consideration. This estimate is based on Kroll's many years of experience administering class action settlements.

## **<u>CERTIFICATION</u>**

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on October 7, 2025, in Summerville, South Carolina.

_____

PATRICK M. PASSARELLA

# Exhibit A



---

<u>VIA U.S. MAIL</u>

Date:    05/23/2025

To:    All "Appropriate" Federal and State Officials Per 28 U.S.C. § 1715
       (*see attached service list*)

Re:    <u>CAFA Notice for the proposed settlement in *Lucchese-Soto v. The Criterion
       Collection, LLC*, Case No. 1:24-cv-07345-VEC, pending in The United States
       District Court for the Southern District of New York</u>


Pursuant to Section 3 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendant The Criterion Collection, LLC ("Defendant" or "Criterion") hereby notifies you of the proposed settlement of the above-captioned action (the "Action"), currently pending in the United States District Court for the Southern District of New York (the "Court").

Eight items must be provided to you in connection with any proposed class action settlement pursuant to 28 U.S.C. § 1715(b). Each of these items is addressed below, and all exhibits are available for download at www.CAFANotice.com under the folder entitled Lucchese-Soto v. The Criterion Collection, LLC:

1.    <u>28 U.S.C. § 1715(b)(l) – a copy of the complaint and any materials filed with the complaint and any amended complaints</u>.

      The two original Complaints (filed by separate law firms), Consolidated Complaint and First Amended Complaint are available as **Exhibit A1, A2, A3, and A4** respectively.

2.    <u>28 U.S.C. § 1715(b)(2) – notice of any scheduled judicial hearing in the class action</u>.

      On May 14, 2025, Plaintiff filed a motion for Preliminary Approval of the class action settlement. The Court has not yet scheduled any Preliminary or Final Approval Hearing for this matter. The proposed Preliminary Approval Order is available as **Exhibit B**.

3.    <u>28 U.S.C. § 1715(b)(3) – any proposed or final notification to class members</u>.

      Copies of the proposed Email Notice, Postcard Notice, and Claim Form will be provided to Settlement Class Members and will be available on the website created for the administration of this matter. These are available as **Exhibit C, D and E.** The notices describe, among other things, the Claim submission process and the

Settlement Class Members' rights to object or exclude themselves from the Settlement Class.

4. <u>28 U.S.C. § 1715(b)(4) – any proposed or final class action settlement</u>.

The Settlement Agreement is available as **Exhibit F**.

5. <u>28 U.S.C. § 1715(b)(5) – any settlement or other agreement contemporaneously made between class counsel and counsel for defendants</u>.

There are no other settlements or other agreements between Class Counsel and Defendant's Counsel beyond what is set forth in the Settlement Agreement.

6. <u>28 U.S.C. § 1715(b)(6) – any final judgment or notice of dismissal</u>.

The Court has not yet entered a final judgment or notice of dismissal. Accordingly, no such document is presently available.

7. <u>28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement</u>.

The definition of the Settlement Class in the proposed Settlement Agreement means all persons who during September 27, 2022 through December 27, 2024, in the United States, (i) were a registered user of, or had subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service excluding (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons. There are 409,661 Criterion subscribers identified on the Class List generated by Criterion.

An estimated breakdown by state for known Settlement Class Members is available as **Exhibit G**.

8. <u>28 U.S.C. § 1715(b)(8) – any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6)</u>.

There has been no written judicial opinion. Accordingly, no such document is presently available.

If you have any questions about this notice, the Action, or the materials available for download at www.CAFANotice.com under the folder entitled in Lucchese-Soto v. The Criterion Collection, LLC, please contact the undersigned below.

Respectfully submitted,

Amanda Stallings
Senior Manager
Amanda.Stallings@kroll.com

## CAFA NOTICE SERVICE LIST

**U.S. Attorney General**
Pamela Bondi
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

**Alabama Attorney General**
Steve Marshall
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130

**Alaska Attorney General**
Treg Taylor
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

**American Samoa Attorney General**
Gwen Tauiliili-Langkilde
Executive Office Building, Utulei
3rd FL, PO Box 7
Utulei, AS 96799

**Arizona Attorney General**
Kris Mayes
2005 N Central Ave
Phoenix, AZ 85004

**Arkansas Attorney General**
Tim Griffin
323 Center St., Suite 200
Little Rock, AR 72201

**California Attorney General**
Rob Bonta
1300 I St., Ste. 1740
Sacramento, CA 95814

**Colorado Attorney General**
Phil Weiser
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**Connecticut Attorney General**
William Tong
165 Capitol Avenue
Hartford, CT 06106

**Delaware Attorney General**
Kathy Jennings
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**District of Columbia Attorney General**
Brian Schwalb
400 6th Street NW
Washington, D.C. 20001

**Florida Attorney General**
James Uthmeier
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399

**Georgia Attorney General**
Chris Carr
40 Capitol Square, SW
Atlanta, GA 30334

**Guam Attorney General**
Douglas Moylan
Office of the Attorney General ITC Building
590 S. Marine Corps Dr, Ste 706
Tamuning, Guam 96913

**Hawaii Attorney General**
Anne E. Lopez
425 Queen St.
Honolulu, HI 96813

**Idaho Attorney General**
Raúl Labrador
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720

**Illinois Attorney General**
Kwame Raoul
James R. Thompson Ctr.
100 W. Randolph St.
Chicago, IL 60601

**Indiana Attorney General**
Todd Rokita
Indiana Government Center South
302 West Washington St., 5th Fl.
Indianapolis, IN 46204

**Iowa Attorney General**
Brenna Bird
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

**Kansas Attorney General**
Kris Kobach
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612

**Kentucky Attorney General**
Russell Coleman
700 Capital Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

**Louisiana Attorney General**
Liz Murrill
1885 North Third St
Baton Rouge, LA 70802

**Maine Attorney General**
Aaron Frey
State House Station 6
Augusta, ME 04333

**Maryland Attorney General**
Anthony G. Brown
200 St. Paul Place
Baltimore, MD 21202

**Massachusetts Attorney General**
Andrea Campbell
1 Ashburton Place, 20th Floor
Boston, MA 02108

**Michigan Attorney General**
Dana Nessel
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909

**Minnesota Attorney General**
Keith Ellison
Suite 102, State Capital
75 Dr. Martin Luther King Blvd.
St. Paul, MN 55155

**Mississippi Attorney General**
Lynn Fitch
Department of Justice, P.O. Box 220
Jackson, MS 39205

**Missouri Attorney General**
Andrew Bailey
Supreme Ct. Bldg., 207 W. High St.
P.O. Box 899
Jefferson City, MO 65101

**Montana Attorney General**
Austin Knudsen
Office of the Attorney General, Justice Bldg.
215 N. Sanders St., Third Floor
P.O. Box 201401
Helena, MT 59620

**Nebraska Attorney General**
Mike Hilgers
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509

**Nevada Attorney General**
Aaron D. Ford
Old Supreme Ct. Bldg.
100 N. Carson St.
Carson City, NV 89701
* NVAGCAFAnotices@ag.nv.gov

**New Hampshire Attorney General**
John Formella
1 Granite Place South
Concord, NH 03301

**New Jersey Attorney General**
Matthew J. Platkin
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
P.O. Box 080
Trenton, NJ 08625

**New Mexico Attorney General**
Raul Torrez
P.O. Drawer 1508
Santa Fe, NM 87504-1508

**New York Attorney General**
Letitia A. James
Department of Law
The Capitol, 2nd Floor
Albany, NY 12224

**North Carolina Attorney General**
Jeff Jackson
Dept. of Justice, P.O. Box 629
Raleigh, NC 27602-0629

**North Dakota Attorney General**
Drew Wrigley
State Capitol
600 E. Boulevard Ave.
Bismarck, ND 58505

**Northern Mariana Islands Attorney General**
Edward E. Manibusan
Administration Building
P.O. Box 10007
Saipan, MP 96950

**Ohio Attorney General**
Dave Yost
State Office Tower
30 E. Broad St., 14th Floor
Columbus, OH 43215

**Oklahoma Attorney General**
Gentner Drummond
313 NE 21st Street
Oklahoma City, OK 73105

**Oregon Attorney General**
Dan Rayfield
Oregon Department of Justice
1162 Court St., NE
Salem, OR 97301

**Pennsylvania Attorney General**
Dave Sunday
Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

**Puerto Rico Attorney General**
Janet Parra-Mercado
P.O. Box 9020192
San Juan, PR 00902

**Rhode Island Attorney General**
Peter F. Neronha
150 S. Main St.
Providence, RI 02903

**South Carolina Attorney General**
Alan Wilson
Rembert C. Dennis Office Bldg.
P.O. Box 11549
Columbia, SC 29211

**South Dakota Attorney General**
Marty Jackley
1302 East Highway 14, Suite 1
Pierre, SD 57501

**Tennessee Attorney General**
Jonathan Skrmetti
PO Box 20207
Nashville, TN 37202

**Texas Attorney General**
Ken Paxton
Capitol Station
P.O. Box 12548
Austin, TX 78711

**U.S. Virgin Islands Attorney General**
Gordon C. Rhea
3438 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, Virgin Islands 00802

**Utah Attorney General**
Derek Brown
State Capitol, Rm. 236
Salt Lake City, UT 84114-0810

**Vermont Attorney General**
Charity R. Clark
109 State St.
Montpelier, VT 05609

**Virginia Attorney General**
Jason Miyares
202 North Ninth Street
Richmond, VA 23219

**Washington Attorney General**
Nick Brown
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504

**West Virginia Attorney General**
John McCuskey
State Capitol Complex, Bldg. 1, Rm. E-26
1900 Kanawha Blvd. E
Charleston, WV 25305

**Wisconsin Attorney General**
Josh Kaul
Wisconsin Department of Justice State
Capitol, Room 114 East
P.O. Box 7857
Madison, WI 53707

**Wyoming Attorney General**
Bridget Hill
State Capitol Bldg.
200 W. 24th Street
109 State Capitol
Cheyenne, WY 82002

Exhibit B

## Santos, Juli

| | |
|---|---|
| **From:** | Santos, Juli |
| **Sent:** | Friday, May 23, 2025 4:13 PM |
| **To:** | NVAGCAFAnotices@ag.nv.gov |
| **Cc:** | DL.GammaTeam |
| **Subject:** | CAFA Notice - Lucchese-Soto v. The Criterion Collection |
| **Attachments:** | Lucchese-Soto v. The Criterion Collection LLC  - CAFA Cover Letter and Service List.pdf |

Attorney General Aaron D. Ford,

CAFA Notice for the proposed settlement in *Lucchese-Soto v. The Criterion Collection, LLC, Case No. 1:24-cv-07345-VEC*, pending in The United States District Court for the Southern District of New York.

Pursuant to Section 3 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendant, The Criterion Collection, LLC ("Defendant"), hereby notify you of the proposed settlement of the above-captioned action, currently pending in The United States District Court for the Southern District of New York.

The CAFA Cover Letter and Service List are attached, and exhibits are available for download at www.CAFANotice.com under the folder entitled *Lucchese-Soto v. The Criterion Collection, LLC*.

Thank you,

**Juli Santos**
Senior Analyst, Kroll Business Services

T +1 215 430 6043



Kroll Settlement Administration LLC | www.kroll.com



# Exhibit C

From:    Administrator@criterionchannelsettlement.com
To:      ClassMember@domain.com
Re:      Legal Notice of Class Action Settlement

---

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Lucchese-Soto, et al. v. The Criterion Collection, LLC*, Case No. 1:24-CV-07345-VEC
**(United States District Court, Southern District of New York)**

**Name:** <First Name> <Last Name>
**Class Member ID: <<RefNum>>**

**Our Records Indicate You Have a Criterion Channel Account or Subscription and May Be
Entitled to a Payment From a Class Action Settlement.**

*A Court authorized this Notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

This Notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendant, The Criterion Collection LLC, disclosed its subscribers' personally identifiable information ("PII") to Twilio Inc., and Meta Platforms, Inc. (the "Third Parties"), without consent and in violation of several privacy laws: the Video Privacy Protection Act (the "VPPA"), 18 U.S.C. § 2710, the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. Cons. Stat. §§ 5701, *et seq.*, and the Florida Security of Communications Act ("FSCA"), Fla. Stat. §§ 934.01, *et seq.* The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it engaged in any wrongful conduct or violated any law, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with continuing the case.

<u>**Am I a Class Member?**</u> Our records indicate you may be a Class Member. Class Members include all Persons who during September 27, 2022, through December 27, 2024, in the United States, (i) were a registered user of, or had subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service. The Criterion Channel Service is defined as the website criterionchannel.com, the Criterion Channel iOS or Android mobile applications, or any other digital platform or application owned and operated by Defendant where Criterion Channel video content is available to be viewed by Criterion Channel subscribers (Roku, tvOS, Android TV, Fire TV, Samsung TV, and Xbox).

<u>**What Can I Get?**</u> If approved by the Court, Defendant will make available $4,500,000 under the Settlement to pay all Approved Claims submitted by the Settlement Class, together with Settlement Administration Expenses, attorneys' fees and costs, and Service Awards (the "Settlement Fund"). If you are entitled to relief, you may submit a claim to receive a cash payment of a *pro rata* (meaning equal) payment from the Settlement Fund.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than Tuesday, August 19, 2025**. You can file a claim by clicking [here.] Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo.

**What are My Other Options?** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator no later than **Tuesday August 19, 2025**. If you exclude yourself, you cannot get a Settlement Payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer also have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than **Tuesday, August 19, 2025.** Specific instructions about how to object to, or exclude yourself from, the Settlement are available at **www.criterionchannelsettlement.com**. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure to any third party of information identifying you as having requested or obtained specific video materials or services from Defendant will be released.

**Who Represents Me?** The Court has appointed the law firms of Bursor & Fisher, P.A. and Levi & Korsinsky, LLP, to represent the Settlement Class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **2:30 pm. ET on Wednesday, October 15, 2025**, in Courtroom 20C at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl St., New York, NY 10007. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $2,500 each from the Settlement Fund for their service in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than one-third of the Settlement Fund ($1, 499,850), but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement or to update your address, go to **www.criterionchannelsettlement.com**, contact the Settlement Administrator at **(833) 420-3829** or by mail to Criterion Channel Settlement, c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391, or contact Class Counsel at info@bursor.com.

### PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT

Please monitor https://www.criterionchannelsettlement.com/ for updates or call (833) 420-3829.

This email was sent to you because you are a Class Member.| Unsubscribe

Please do not reply to this email, it is sent from an unmonitored mailbox.

# Exhibit D

Criterion Channel Settlement
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

PRESORTED FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

OUR RECORDS INDICATE
YOU HAVE A CRITERION
CHANNEL ACCOUNT OR
SUBSCRIPTION AND MAY
BE ENTITLED TO A
PAYMENT FROM A CLASS
ACTION SETTLEMENT.

<<Refnum Barcode>>

CLASS MEMBER ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

<<FirstName>> <<LastName>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>-<<zip4>>
<<Country>>

A settlement has been reached in a class action lawsuit claiming that Defendant The Criterion Collection, LLC, disclosed its subscribers' personally identifiable information, including to Meta Platforms, Inc., without consent and in violation of the following privacy statutes: the Video Privacy Protection Act (the "VPPA"), the Electronic Communications Privacy Act, the Pennsylvania Wiretapping and Electronic Surveillance Control Act, and the Florida Security of Communications Act. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it engaged in any wrongful conduct or that it violated any law, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are all Persons who during September 27, 2022 through December 27, 2024 in the United States, (1) were a registered user of, or had subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service.

**What Can I Get?** If approved by the Court, Defendant will make available $4,500,000 under the Settlement to pay all Approved Claims submitted by the Settlement Class, together with Settlement Administration Expenses, attorneys' fees and costs, and an Service Award. If you are entitled to relief, you may submit a claim to receive a cash payment of a pro rata (meaning equal) payout of the Settlement Fund after all expenses have been paid.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than Tuesday, August 19, 2025**. You may submit a Claim Form either electronically on the Settlement Website by visiting **www.criterionchannelsettlement.com**, or by printing and mailing in a paper Claim Form, copies of which are available for download at the Settlement Website. Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo.

**What are My Other Options?** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator **no later than Tuesday, August 19, 2025**. If you exclude yourself, you cannot get a Settlement Payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than **Tuesday, August 19, 2025**. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at **www.criterionchannelsettlement.com**. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to Defendant's alleged disclosure of subscriber information to any third party will be released.

**Who Represents Me?** The Court has appointed the law firms of Bursor & Fisher, P.A. and Levi & Korsinsky, LLP, to represent the Settlement Class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **2:30pm ET on Wednesday, October 15, 2025** in Courtroom 20C at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl St., New York, NY 10007. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $2,500 each from the Settlement Fund for their service in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than one-third of the Settlement Fund ($1, 499,850), but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement or to update your address, go to **www.criterionchannelsettlement.com**, contact the Settlement Administrator at (833) 420 3829 or by mail to Criterion Channel Settlement, c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391, or contact Class Counsel at info@bursor.com.

Exhibit E

\*8321700000000\*

8 3 2 1 7 0 0 0 0 0 0 0

<table>
<tr><td>

**The DEADLINE
to submit or mail this
Claim Form is:
August 19, 2025**

</td><td>

**Lucchese-Soto, et al. v. The Criterion Collection, LLC**

United States District Court Southern District of New York

Case No. 1:24-cv-07345-VEC

**Settlement Claim Form**

</td><td>

For Office Use
Only

</td></tr>
</table>

**If you are a Settlement Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before Tuesday, August 19, 2025, or submitted online on or before Tuesday, August 19, 2025.**

Please read the full Notice of this settlement (available at **www.criterionchannelsettlement.com**) carefully before filling out this Claim Form.

To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must submit this completed Claim Form online or by mail:

**ONLINE:**  File a Claim Form at **www.criterionchannelsettlement.com**.

**MAIL**:  Criterion Channel Settlement
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

**To receive a Settlement Payment from this Settlement via an electronic payment, you must submit the Claim Form below electronically at www.criterionchannelsettlement.com by Tuesday, August 19, 2025.**

**PART ONE:  CLAIMANT INFORMATION**

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

_____    _____
FIRST NAME                                   LAST NAME

_____
STREET ADDRESS

_____    ____ ____    ____ ____ ____ ____ ____
CITY                                          STATE         ZIP CODE

_____@_____
**EMAIL ADDRESS ASSOCIATED WITH YOUR CRITERION CHANNEL ACCOUNT**

Enter the Class Member ID Number provided on your Email Notice:

**Class Member ID : 8 3 2 1 7**  ____ ____ ____ ____ ____ ____ ____ ____

QUESTIONS? VISIT www.criterionchannelsettlement.com OR CALL (833) 420 3829 TOLL-FREE

*8321700000000*

8 3 2 1 7 0 0 0 0 0 0 0

**PART TWO:  PAYMENT SELECTION**

You may be eligible to receive a cash payment if you had a Criterion Channel account and accessed the Criterion Channel website (https://www.criterionchannel.com/), the iOS and Android Criterion mobile applications, and/or any other digital platform or application owned and operated by Defendant where Criterion Channel video content is available to be viewed by Criterion Channel subscribers (Roku, tvOS, Android TV, Fire TV, Samsung TV, and Xbox) in the United States and watched a pre-recorded video between September 27, 2022 and December 27, 2024.

By mailing this form you are accepting your payment in the form of a Check.

If you would like to elect to receive your Settlement Payment through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

**PART THREE: ATTESTATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury under the laws of the United States of America that I have or had a Criterion Channel account and accessed the Criterion Channel website, mobile application, or digital application owned and operated by The Criterion Collection in the United States and watched a pre-recorded video between September 27, 2022 and  December 27, 2024 , and that all of the information on this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review.

_____    ____ ____ / ____ ____ / ____ ____ ____ ____
  **SIGNATURE**                                                              **DATE**

**Please keep a copy of your Claim Form for your records.**

QUESTIONS? VISIT www.criterionchannelsettlement.com OR CALL (833) 420 3829 TOLL-FREE

Exhibit F

## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

*Lucchese-Soto, et al. v. The Criterion Collection, LLC*, Case No. 1:24-cv-07345-VEC

**Our Records Indicate You Have Subscribed to *The Criterion Channel* and May Be Entitled to a Payment From a Class Action Settlement.**

*A Court authorized this Notice.  You are <u>not</u> being sued.  This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against The Criterion Collection, LLC. The class action lawsuit claims that Defendant, The Criterion Collection, LLC, disclosed its subscribers' personally identifiable information ("PII") to Twilio, Inc. and Meta Platforms, Inc., without consent and in violation of multiple privacy statutes including the Video Privacy Protection Act ("VPPA"), the Electronic Communications Privacy Act, the Pennsylvania Wiretapping and Electronic Surveillance Control Act, and the Florida Security of Communications Act. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it engaged in any wrongdoing or that it violated any law, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with continuing the case.

- You are included if you are a Person in the United States who, from September 27, 2022, to and through December 27, 2024, (1) was a registered user of, or had subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service.  The Criterion Channel Service is defined as the website criterionchannel.com, the Criterion Channel iOS or Android mobile applications, or any other digital platform or application owned and operated by Defendant where Criterion Channel video content is available to be viewed by Criterion Channel subscribers (Roku, tvOS, Android TV, Fire TV, Samsung TV, and Xbox).

- Persons included in the Settlement will be eligible to receive a *pro rata* (meaning equal) cash payment of the Settlement Fund totaling $4,500,000. The Settlement Fund will also pay out the Settlement Administration Expenses, attorneys' fees and costs, and Service Awards.

- Read this Notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY TUESDAY AUGUST 19, 2025** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY TUESDAY AUGUST 19, 2025** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY TUESDAY AUGUST 19, 2025** | Write to the Court explaining why you don't like the Settlement. |

| GO TO THE HEARING ON WEDNESDAY, OCTOBER 15, 2025, AT 2:30PM ET | Ask to speak in Court about your opinion of the Settlement. |
|---|---|
| DO NOTHING | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Valerie E. Caproni, of the United States District Court for the Southern District of New York, is overseeing this case. The case is called *Lucchese-Soto, et al. v. The Criterion Collection, LLC*, Case No. 1:24-CV-07345-VEC. The people who have sued are called the Plaintiffs. The Defendant is The Criterion Collection, LLC.

### 2. What is a class action?

In a class action, one or more people called the class representative(s) (in this case, Francis Lucchese-Soto, Kevin McGuire, Matthew Wickham, and Amitai Heller) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Settlement Class.

### 3. What is this Action about?

This Action claims that Defendant violated several privacy laws Video Privacy Protection Act (the "VPPA"), 18 U.S.C. § 2710, the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. Cons. Stat. §§ 5701, *et seq.*, and the Florida Security of Communications Act ("FSCA"), Fla. Stat. §§ 934.01, *et seq.* by disclosing its subscribers' personally identifiable information ("PII") to Twilio, Inc. and Meta Platforms, Inc. without subscribers' consent. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. The Defendant denies that it engaged in any wrongdoing or violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The **Settlement Class** is defined as:

All Persons who during September 27, 2022, through December 27, 2024 in the United States, (i) were a registered user of, or had subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service.

Excluded are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) Persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

Defendant has agreed to make $4,500,000 available under the Settlement (the "Settlement Fund"). Class Member payments, and the Settlement Administration Expenses to administer the Settlement, attorneys' fees or Fee Award, and an Service Awards to the Class Representatives will also come out of this fund (*see* Question 13).

### 7. How much will my payment be?

If you are Settlement Class Member you may submit a Claim Form to receive a cash payment of a *pro rata* (meaning equal) portion of the Settlement Fund after the above-stated costs, expenses, Settlement Administration Expenses, and Service Awards have been paid out. The amount of payment will depend on how many of the Class Members file Approved Claims. Each Class Member who files an Approved Claim will receive a proportionate share of the Settlement Fund. You can contact Class Counsel to inquire as to the number of claims filed.

**8. When will I get my payment?**

The hearing to consider the fairness of the settlement is scheduled for **Wednesday, October 15, 2025 at 2:30 pm ET**. If the Court approves the settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their payment sixty (60) days after the Effective Date. The payment will be made in the form of a check, unless you elect to receive payment by PayPal or Venmo, and all checks will expire and become void 180 days after they are issued.

## HOW TO GET BENEFITS

**9. How do I get a payment?**

If you are a Class Member and you want to get a payment, you **must** complete and submit a Claim Form by **Tuesday, August 19, 2025**. Claim Forms can be found and submitted by clicking here [hyperlink], or by printing and mailing a paper Claim Form, copies of which are available for download here [hyperlink].

We also encourage you to submit your claim online. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

**10. What am I giving up if I stay in the Settlement Class?**

If the Settlement becomes final, you will give up your right to sue Defendant for the claims this Settlement resolves. The Settlement Agreement describes the specific claims you are giving up against the Defendant. You will be "releasing" the Defendant and certain of its affiliates described in Section 3 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

**11. What happens if I do nothing at all?**

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in the case?**

The Court has appointed Bursor & Fisher, P.A. and Levi & Korsinsky, LLP to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**13. How will the lawyers be paid?**

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel is entitled to seek no more than one-third of the $4.5 million Settlement Fund ($1,499,850), but the Court may award less than this amount.

As approved by the Court, the Class Representatives will be paid an Service Award from the Settlement Fund for helping to bring and settle the case. The Class Representatives will seek no more than $2,500 each as an Service Award, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**14. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Lucchese-Soto v. The Criterion Collection, LLC*, Case No. 1:24-cv-07345-VEC settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **Tuesday, August 19, 2025** to:

Criterion Channel Settlement
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

**15. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

**16. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

**17. How do I object to the Settlement?**

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Lucchese-Soto v. The Criterion Collection, LLC*, Case No. 1:24-cv-07345-VEC and identify all your reasons for your objections (including legal citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, an explanation of the basis upon which you claim to be a Settlement Class Member, the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by Tuesday, August 5, 2025.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. File the objection with the Court and mail a copy to these different places postmarked no later than **Tuesday, August 19, 2025.**

| Court | Class Counsel | Defendant's Counsel |
|-------|---------------|---------------------|
| The Hon. Valerie E. Caproni Courtroom 20C Daniel Patrick Moynihan U.S. Courthouse 500 Pearl St. New York, NY 10007 | Yitzchak Kopel Bursor & Fisher, P.A. 1330 Ave. of the Americas, Floor 32 New York, NY 10019 | Mark S. Melodia Holland & Knight LLP 787 Seventh Ave., Floor 31 New York, NY 10019 |

**18. What's the difference between objecting and excluding myself from the Settlement?**

Objecting means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at **2:30pm ET** on **October 15, 2025** in Courtroom 20C at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl St., New York, NY 10007. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a Service Award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check **www.criterionchannelsettlement.com** or call **(833) 420-3829.** If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Lucchese-Soto v. The Criterion Collection, LLC*, Case No. 1:24-cv-07345-VEC." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **Tuesday, August 19, 2025,** and be sent to the addresses listed in Question 17.

## GETTING MORE INFORMATION

**22. Where do I get more information or I no longer live at my address?**

This Notice summarizes the Settlement.  More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at **www.criterionchannelsettlement.com**. You may also write with questions to Criterion Channel Settlement, c/o Kroll Settlement Administration LLC, P.O. Box 225391 New York, NY 10150-5391. You can call the Settlement Administrator at **(833) 420-3829** or contact Class Counsel at info@bursor.com, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website, including how to update your address.

# Exhibit G

From:    Administrator@criterionchannelsettlement.com
To:        ClassMember@domain.com
Re:        REMINDER: Legal Notice of Class Action Settlement

---

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Lucchese-Soto, et al. v. The Criterion Collection, LLC*, Case No. 1:24-CV-07345-VEC
**(United States District Court, Southern District of New York)**

**Name:** <FirstName> <LastName>
**Class Member ID: <<RefNum>>**

**Our Records Indicate You Have a Criterion Channel Account or Subscription and May Be Entitled to a Payment From a Class Action Settlement.**

*A Court authorized this Notice.  You are <u>not</u> being sued.  This is <u>not</u> a solicitation from a lawyer.*

This Notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendant, The Criterion Collection LLC, disclosed its subscribers' personally identifiable information ("PII") to Twilio Inc., and Meta Platforms, Inc. (the "Third Parties"), without consent and in violation of several privacy laws: the Video Privacy Protection Act (the "VPPA"), 18 U.S.C. § 2710, the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. Cons. Stat. §§ 5701, *et seq.*, and the Florida Security of Communications Act ("FSCA"), Fla. Stat. §§ 934.01, *et seq.* The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it engaged in any wrongful conduct or violated any law, and the Court has not decided who is right.  The parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with continuing the case.

**<u>Am I a Class Member?</u>** Our records indicate you may be a Class Member. Class Members include all Persons who during September 27, 2022, through December 27, 2024, in the United States, (i) were a registered user of, or had subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service. The Criterion Channel Service is defined as the website criterionchannel.com, the Criterion Channel iOS or Android mobile applications, or any other digital platform or application owned and operated by Defendant where Criterion Channel video content is available to be viewed by Criterion Channel subscribers (Roku, tvOS, Android TV, Fire TV, Samsung TV, and Xbox).

**<u>What Can I Get?</u>** If approved by the Court, Defendant will make available $4,500,000 under the Settlement to pay all Approved Claims submitted by the Settlement Class, together with Settlement Administration Expenses, attorneys' fees and costs, and Service Awards (the "Settlement Fund"). If you are entitled to relief, you may submit a claim to receive a cash payment of a *pro rata* (meaning equal) payment from the Settlement Fund.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than Tuesday, August 19, 2025**. You can file a claim by clicking here. Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo.

**What are My Other Options?** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator no later than **Tuesday August 19, 2025**. If you exclude yourself, you cannot get a Settlement Payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer also have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than **Tuesday, August 19, 2025.** Specific instructions about how to object to, or exclude yourself from, the Settlement are available at **www.criterionchannelsettlement.com**. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure to any third party of information identifying you as having requested or obtained specific video materials or services from Defendant will be released.

**Who Represents Me?** The Court has appointed the law firms of Bursor & Fisher, P.A. and Levi & Korsinsky, LLP, to represent the Settlement Class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **2:30 pm. ET on Wednesday, October 15, 2025**, in Courtroom 20C at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl St., New York, NY 10007. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $2,500 each from the Settlement Fund for their service in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than one-third of the Settlement Fund ($1,499,850), but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement or to update your address, go to **www.criterionchannelsettlement.com**, contact the Settlement Administrator at **(833) 420-3829** or by mail to Criterion Channel Settlement, c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391, or contact Class Counsel at info@bursor.com.

**PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT**

Please monitor https://www.criterionchannelsettlement.com/ for updates or call (833) 420-3829.

This email was sent to you because you are a Class Member.| Unsubscribe

Please do not reply to this email, it is sent from an unmonitored mailbox.

Exhibit H

*Lucchese-Soto, et al. v. The Criterion Collection, LLC,* No. 1:24-cv-07345-VEC

EXCLUSION REQUESTS

Y. DILTZ

C. BOWERS

D. RUBIN

M. ZIEGEL

M. BRENNAN

D. BARNETT

L. ROBERT

J. SMITHWICK

S. LAKKARAJU