UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCIS LUCCHESE-SOTO, KEVIN MCGUIRE, MATTHEW WICKHAM, AMITAI HELLER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE CRITERION COLLECTION, LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 1:24-cv-07345-VEC<br><br>Hon. Valerie E. Caproni<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT** |

　　　　WHEREAS, the Parties have entered into the Stipulation of Class Action Settlement, with its attached exhibits (collectively, the "Agreement"), signed and filed with this Court on May 14, 2025, to settle *Lucchese-Soto v. The Criterion Collection, LLC*, No. 1:24-cv-07345-VEC, pending in the United States District Court for the Southern District of New York (the "Action").  ECF No. 29-2.

　　　　WHEREAS, by Order dated May 23, 2025 (ECF No. 31), this Court granted preliminary approval of the proposed class action settlement between the parties in the Action, ordering the dissemination of Class Notice to potential Class Members, providing potential Class Members with an opportunity either to exclude themselves from the Class or to object to the proposed settlement, and issuing related Orders.

　　　　WHEREAS, the Court also preliminarily certified a Class, for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a Fairness Hearing to take place on October 15, 2025.  On that date, the Court held a duly noticed Fairness Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing Plaintiffs' complaint on the

merits and with prejudice in favor of Defendant and the Released Parties and against all persons who are Class Members pursuant and subject to the terms of the Agreement; (3) whether and in what amount to award incentive awards to Plaintiffs; and (4) whether and in what amount to award attorneys' fees and expenses to Class Counsel.

WHEREAS, the Court, having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and having heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order, and based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. <u>Use of Capitalized Terms</u>.  Except where otherwise noted, all capitalized terms used in this Final Order Approving Class Action Settlement shall have the meanings attributed to them in the Agreement.

2. <u>Incorporation of Other Documents</u>.  This Final Order Approving the Class Action Settlement incorporates and makes a part hereof: (a) the Agreement, including all amendments and exhibits thereto, and definitions included therein, which was signed and filed with this Court on May 14, 2025; (b) the briefs, affidavits, declarations, and other materials filed in support of the Settlement and Plaintiffs' Motion for Final Approval and Request for Fee Award; (c) the record at the Fairness Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Action.

3. <u>Jurisdiction</u>.  The Court has personal jurisdiction over the Parties, and because due, adequate, and practicable notice has been disseminated and all potential Class Members have been given the opportunity to exclude themselves from or object to this Settlement, the

Court has personal jurisdiction over all Class Members (as defined below and in the Agreement). The Court has subject matter jurisdiction over the claims asserted in the Action pursuant to 28 U.S.C. §§ 1332 and 1367, including, without limitation, jurisdiction to approve the proposed Settlement and the Agreement and all exhibits attached thereto, grant final certification of the Class for settlement purposes, settle and release all claims arising out of the transactions alleged in this Action, dismiss the Action on the merits and with prejudice, and issue related orders.  The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

    4.    <u>Final Class Certification for Settlement Purposes Only</u>.  The Class preliminarily certified by this Court is hereby finally certified, for settlement purposes only, under Fed. R. Civ. P. 23(a) and (b)(3), the Court finding that the Settlement Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process.  The Settlement Class shall consist of all United States residents who (1) were a registered user of, or had a subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service from September 27, 2022 through December 27, 2024.  Specifically excluded from the Class are: (a) Defendant, its employees, principals, officers, directors, agents, affiliated entities legal representatives, successors, and assigns; (b) the judges to whom the Action has been or is assigned and any members of their immediate families; and (c) all persons who have filed a timely Request for Exclusion from the Class.

    5.    <u>Requests for Exclusion</u>.  The Court finds that only those persons listed in Exhibit H to the Declaration of Patrick M. Passarella of Kroll Settlement Administration LLC In Connection With Final Approval Of Settlement have submitted timely and valid Requests for Exclusion from the Class and are therefore not bound by this Final Order and the accompanying Final Judgment.  Class Counsel and Defendant's Counsel may mutually agree to allow additional

Class Members to exclude themselves or to withdraw their exclusion requests by filing an appropriate notice with the Court.

      6.      <u>Adequacy of Representation</u>.  The Court designates Plaintiffs Francis Lucchese-Soto, Kevin McGuire, Matthew Wickham, and Amitai Heller as representatives of the Class and finds that these Plaintiffs have adequately represented the Class for purposes of entering into and implementing the Agreement.  The Court appoints the law firms of Bursor & Fisher, P.A. and Levi & Korsinsky, LLP as counsel for the Class ("Class Counsel").  For purposes of these settlement approval proceedings only, the Court finds that Bursor & Fisher, P.A. and Levi & Korsinsky, LLP are experienced and adequate Class Counsel.  Plaintiffs and Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).

      7.      <u>Class Notice</u>.  The Court finds that the dissemination of the Class Notice in accordance with the terms of the Agreement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing, a copy of which is incorporated herein and made a part hereof:

      a.      constituted the best practicable notice to Class Members under the circumstances of the Action;

      b.      constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this class action; (ii) the terms of the proposed Settlement; (iii) their rights under the proposed Settlement; (iv) their right to exclude themselves from the Class and the proposed Settlement; (v) their right to object to any aspect of the proposed Settlement (including, but not limited to, final certification of the Class, the fairness, reasonableness or adequacy of the proposed Settlement, the adequacy of the Class' representation by Plaintiffs or Class Counsel, and/or the award of attorneys' fees and expenses

and representative awards); (vi) their right to appear at the Fairness Hearing—either on their own or through counsel hired at their own expense—if they did not exclude themselves from the Class; and (vii) the binding effect of the Orders and Final Judgment in this Action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class;

   c. constituted notice that was reasonable, due, adequate, and sufficient to inform all persons and entities entitled to be provided with notice; and

   d. constituted notice that fully satisfied all applicable requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law, and that complied with the Federal Judicial Center's illustrative class action notices.

  8. <u>CAFA Notice</u>.  The Court finds that Defendant (through the Claims Administrator) provided notice of the proposed Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715.  Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(d)) to comment or object to the proposed settlement before entering its Orders and Final Judgment, and no such objections or comments were received.

  9. <u>Final Settlement Approval</u>.  The terms and provisions of the Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, CAFA, the United States Constitution

(including the Due Process Clause), and any other applicable law. The Settlement is approved and all objections to the Settlement are overruled as without merit. The Parties are hereby directed to implement and consummate the Agreement in accordance with its terms and provisions. Class Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Agreement.

The Court finds that the Agreement is fair, adequate, and reasonable based on the following factors, among other things:

    a.    There was no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations. This included a mediation before Marc Isserles, Esq. of JAMS on April 2, 2025. *See, e.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.").

    b.    The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class. *See, e.g.*, *Pearlstein v. BlackBerry Ltd.*, 2022 WL 4554858, at *3 (S.D.N.Y. Sept. 29, 2022) ("[C]lass action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation."); *McLaughlin v. IDT Energy*, 2018 WL 3642627, at *10 (E.D.N.Y. July 30, 2018) (finding the first complexity of the action weighed in favor of settlement approval where "the parties would likely need to brief motions for class certification, summary judgment, and potentially proceed to trial"). Based on the stage of the proceedings and the amount of

investigation and discovery completed, the parties had developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement.

    c. The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favors final approval. *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 693 (S.D.N.Y. 2019) ("If a class settlement is reached through arm's-length negotiations between experienced, capable counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness.").

    d. The Settlement provides meaningful cash relief to the Class and falls within the range of possible recoveries by the Class.

 The Settlement is approved. The Parties and Class Members are hereby directed to implement and consummate the Agreement in accordance with its terms and provisions. Class Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Agreement.

  10. <u>Settlement Consideration</u>. As described in the Agreement, the Settlement provides that Defendant will pay or cause to be paid a total of $4,500,000 in cash for payment of the following: (i) Approved Claims for cash benefits submitted by Settlement Class Members; (ii) the Settlement Administration Expenses; (iii) the Fee Award and any Service Awards to the Class Representatives, as may be ordered by the court; and (iv) any other costs, expenses, and fees associated with the Settlement pursuant to the terms set forth in the Agreement. Agreement ¶ 2.1. Each class member who submits a valid claim form is entitled to a *pro rata* share of the $4,500,000 total cash payment. *Id.* ¶ 2.4. Compensation to Settlement Class Members under the

Settlement shall be administered and implemented by Kroll Business Services under the terms set forth in the Agreement.

11.     Binding Effect.  The terms of the Agreement and of this Final Order and the accompanying Final Judgment shall be forever binding on the Parties and all Class Members, as well as their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in interest, and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Release set forth in the Agreement.

12.     Release.  The following Release, which is also set forth in Sections 1.24-1.26 and 3 of the Agreement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and the accompanying Final Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the Release:

a.     Upon the Effective Date, the Class Representatives, and those Settlement Class Members, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations ("Releasing Parties"), and each of them, shall be deemed to have, and by

operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contract or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Action, the Video Privacy Protection Act, 18 U.S.C. § 2710, the Electronic Communications Privacy Act, 18 U.S.C. § 2510, the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. §§ 5701, et seq., the Florida Security of Communications Act, Fla, Stat. §§ 934.01, et seq., or any other state, federal, local, statutory, or common law or any other law, rule or regulation, against Defendant The Criterion Collection, LLC, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, divisions, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, reinsurers, directors, managing directors, officers, partners, vendors, joint ventures, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations ("Released Parties"), or any of them, arising out of any facts, transactions, events, matters occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure, use, interception or transfer of information of or related to the Settlement Class Members through use of the Meta pixel, the Segment API/SDK, or other pixels, cookies, or tracking or analytics tools on the Criterion

Channel Service, including all claims that were brought or could have been brought in the Action ("Released Claims"), against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

      b.      Upon the effective date of the release contained in this paragraph, the Class Representatives each waive or are deemed to have waived on their own behalf only the provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States of America or any state or territory thereof, or of the common law or civil law). Section 1542 provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

      c.      In connection with such waiver and relinquishment, the Releasing Parties hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims, whether known or unknown, suspected or unsuspected,

that they have against the Released Parties.  In furtherance of such intention, the Release herein given by the Releasing Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.  Each of the Releasing Parties expressly acknowledges that he/she/it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits he/she/it may have had pursuant to such section.  Plaintiffs and Class Members are not releasing any claims for personal injuries.  Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and constitutes a material element of the Settlement of which this Release is a part.  This release shall not be construed in any way to release claims for personal injury.

   13. <u>Permanent Injunction</u>.  All Class Members and/or their representatives who have not been timely excluded from the Class are hereby permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims.  All Class Members and all persons in active concert or participation with Class Members are permanently barred and enjoined from organizing or soliciting the participation of any Class Members who did not timely exclude themselves from the Class into a separate class or group for purposes of pursuing a putative class action, any claim or lawsuit in any jurisdiction that is covered by the Release.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.  However, Class Members do not waive their right to contact, in any way or for any purpose, any state or federal agency regarding the

activities of any Party, nor do they waive any right to enjoy any benefits obtained by a state or federal agency.

14.     Enforcement of Settlement.  Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Agreement; nor shall anything in this Final Order or in the accompanying Final Judgment preclude Plaintiffs or other Class Members from participating in the claims process described in the Agreement if they are entitled to do so under the terms of the Agreement.

15.     Attorneys' Fees and Expenses and Plaintiffs' Incentive Awards.  The Court has reviewed Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Service Awards, as well as all declarations, exhibits, and accompanying materials filed in support thereof.  ECF Nos. 32-35.  For the reasons set forth in that motion, the Court hereby awards one-third of the Settlement Fund, $1,499,850, in attorneys' fees, costs, and expenses to Class Counsel.  Agreement ¶¶ 8.1-8.4.  The Court also awards $2,500 as an incentive award to each Plaintiff.  Agreement ¶¶ 8.4; *see also id.* ¶¶ 2.1, 2.4.

16.     Modification of Settlement Agreement.  The Parties are hereby authorized, without needing further approval from the Court, to agree to written amendments, modifications, or expansions of the Agreement and its implementing documents (including all exhibits) without further notice to the Class or approval by the Court if such changes are consistent with this Final Order and the accompanying Final Judgment and do not materially alter, reduce, or limit the rights of Class Members under the Agreement.

17.     Retention of Jurisdiction.  The Court has jurisdiction to enter this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, and the accompanying Final Judgment.  Without in any way affecting the finality of these Final Orders

and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, and of these Final Orders and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation (*see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994)):

      a.    enforcing the terms and conditions of the Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Agreement, this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; and whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the accompanying Final Judgment; and whether persons or entities are enjoined from pursuing any claims against Defendant);

      b.    entering such additional Orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, the accompanying Final Judgment, and the Agreement (including, without limitation, orders enjoining persons or entities from pursuing any claims against Defendant), or dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

      c.    entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in

this paragraph is intended to restrict the ability of the Parties to exercise their rights as provided in the Agreement.

18. No Admissions.  Neither this Final Order, the accompanying Final Judgment, nor the Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Order or the accompanying Final Judgment) is, may be construed as, or may be used as an admission or concession by or against Defendant or the Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever or the propriety of class certification.  Defendant continues to deny that the Action meets the requisites for class certification under Fed. R. Civ. P. 23 for any purpose other than settlement.  Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and the accompanying Final Judgment and the Settlement Agreement; provided, however, that this Final Order, the accompanying Final Judgment, and the Agreement may be filed in any action by or against Defendant or Released Parties to support a defense of *res judicata* or collateral estoppel.

19. Dismissal of Action.  The Action (including all individual and Class claims presented therein) are hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as otherwise provided in this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, the accompanying Final Judgment, and the Agreement.

20. <u>Occurrence of Terminating Conditions.</u>  In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, and the accompanying Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.


DATED: _____          _____
                                       HON. VALERIE E. CAPRONI
                                       UNITED STATES DISTRICT JUDGE