# GREEN KAMINER MIN & ROCKMORE LLP

**Manhattan**
420 Lexington Ave., Ste 2821
New York, New York 10170
T. 212.681.6400

**Long Island**
600 Old Country Rd., Ste. 410
Garden City, New York 11530
T. 516.858.2115

June 16, 2025

**VIA ECF**

The Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

  *Re*: P.F. v. Y.F.
    Case No. 24-CV-02333 (PMH)

Dear Judge Halpern:

  We represent the Respondent in the above-referenced Hague Convention proceeding. We write respectfully to request a pre-motion conference pursuant to Your Honor's Individual Practices in light of the Petitioner's failure to comply with the Court's Scheduling Order (ECF No. 58) and the Court's Order extending the discovery deadlines in this instant action (ECF No. 69) (the "Discovery Order"). Specifically, Petitioner has not served Initial Disclosures as required under Rule 26 of the Federal Rules of Civil Procedure, nor has she produced any documentation in response to Respondent's Requests for the Production of Documents. While she did produce a response to our requests for production, it did not include any documents.

  For context, on April 29, 2025, this Court issued a Civil Case Discovery Plan and Scheduling Order (the "Scheduling Order") (ECF No. 58). Petitioner's counsel failed to abide by this Court's Scheduling Order, which resulted in Respondent's counsel filing a letter requesting a pre-motion conference on May 30, 2025 (ECF No. 68).

  On May 30, 2025, Petitioner's counsel filed a Letter Motion for Extension of Time, seeking a two-week extension to all discovery deadlines (ECF No. 67). This Court issued an Order granting in part Petitioner's letter motion and extending the time for Petitioner to serve initial disclosures, requests for production, interrogatories, and requests for admissions to June 6, 2025, and the deadline for responses thereto to June 20, 2025 (ECF No. 69). The Court's order also directed Petitioner to serve responses to Respondent's discovery demands by June 12, 2025. *Id.* In light of the Discovery Order, Respondent's request for a pre-motion conference was denied without prejudice.

  On June 6, 2025, counsel for Petitioner served discovery demands upon Respondent. However, Petitioner failed to serve the required Initial Disclosures by that deadline. On June 12, 2025, Petitioner's counsel served responses to Respondent's Interrogatories and Requests for

Production of Documents; however, no responsive documents were produced, the interrogatories were not verified by the client, and Initial Disclosures still had not been provided. Respondent further notes that the Petitioner never served responses to Respondent's Requests for Admission.

On June 12, 2025, we emailed Petitioner's counsel regarding their deficiency. A copy of that correspondence is annexed hereto as **Exhibit A** at 2. Today, June 16, 2025, when no response was received, we informed Petitioner's counsel of our intent to seek Court intervention. *See* **Exhibit A** at 1.

Respondent intends to seek various relief related to Petitioner's failure to abide by the Court's Scheduling Order (ECF No. 58) and Discovery Order (ECF No. 69), which is severely prejudicial to Respondent, including sanctions and/or filing a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Given the foregoing, we respectfully request that the Court schedule a pre-motion conference at its earliest convenience to address the issues referenced herein. We thank the Court for its time and consideration of this matter.

Respectfully,

/s/Michael Banuchis
Michael Banuchis
*Attorney for Respondent*

cc: All Counsel (by ECF)