# GREEN KAMINER MIN & ROCKMORE LLP

**Manhattan**
420 Lexington Ave., Ste 2821
New York, New York 10170
T. 212.681.6400

**Long Island**
600 Old Country Rd., Ste. 410
Garden City, New York 11530
T. 516.858.2115

June 16, 2025

**VIA ECF**

The Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

> Petitioner is directed to respond to Respondent's June 16, 2025 letter (Doc. 73) no later than 5:00 p.m. on June 20, 2025.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> June 17, 2025

    Re:   P.F. v. Y.F.
           Case No. 24-CV-02333 (PMH)

Dear Judge Halpern:

      We represent the Respondent in the above-referenced Hague Convention proceeding. We write respectfully to request a pre-motion conference pursuant to Your Honor's Individual Practices in light of the Petitioner's failure to comply with the Court's Scheduling Order (ECF No. 58) and the Court's Order extending the discovery deadlines in this instant action (ECF No. 69) (the "Discovery Order"). Specifically, Petitioner has not served Initial Disclosures as required under Rule 26 of the Federal Rules of Civil Procedure, nor has she produced any documentation in response to Respondent's Requests for the Production of Documents. While she did produce a response to our requests for production, it did not include any documents.

      For context, on April 29, 2025, this Court issued a Civil Case Discovery Plan and Scheduling Order (the "Scheduling Order") (ECF No. 58). Petitioner's counsel failed to abide by this Court's Scheduling Order, which resulted in Respondent's counsel filing a letter requesting a pre-motion conference on May 30, 2025 (ECF No. 68).

      On May 30, 2025, Petitioner's counsel filed a Letter Motion for Extension of Time, seeking a two-week extension to all discovery deadlines (ECF No. 67). This Court issued an Order granting in part Petitioner's letter motion and extending the time for Petitioner to serve initial disclosures, requests for production, interrogatories, and requests for admissions to June 6, 2025, and the deadline for responses thereto to June 20, 2025 (ECF No. 69). The Court's order also directed Petitioner to serve responses to Respondent's discovery demands by June 12, 2025. *Id.* In light of the Discovery Order, Respondent's request for a pre-motion conference was denied without prejudice.

      On June 6, 2025, counsel for Petitioner served discovery demands upon Respondent. However, Petitioner failed to serve the required Initial Disclosures by that deadline. On June 12, 2025, Petitioner's counsel served responses to Respondent's Interrogatories and Requests for

Production of Documents; however, no responsive documents were produced, the interrogatories were not verified by the client, and Initial Disclosures still had not been provided. Respondent further notes that the Petitioner never served responses to Respondent's Requests for Admission.

On June 12, 2025, we emailed Petitioner's counsel regarding their deficiency. A copy of that correspondence is annexed hereto as **Exhibit A** at 2. Today, June 16, 2025, when no response was received, we informed Petitioner's counsel of our intent to seek Court intervention. *See* **Exhibit A** at 1.

Respondent intends to seek various relief related to Petitioner's failure to abide by the Court's Scheduling Order (ECF No. 58) and Discovery Order (ECF No. 69), which is severely prejudicial to Respondent, including sanctions and/or filing a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Given the foregoing, we respectfully request that the Court schedule a pre-motion conference at its earliest convenience to address the issues referenced herein. We thank the Court for its time and consideration of this matter.

Respectfully,

/s/Michael Banuchis
Michael Banuchis
*Attorney for Respondent*

cc: All Counsel (by ECF)

Outlook

### Re: Discovery responses for Felberbaum

**From** Camilla Redmond <credmond@gkmrlaw.com>
**Date** Mon 6/16/2025 11:33 AM
**To** MENACHEM White <mwhite@wwlgny.com>; Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>

Counsel,

You have not responded to our email and addressed our concerns. We plan to raise these issues with the Court today.

Best,
Camilla

**Camilla Redmond Costa| Green Kaminer Min & Rockmore LLP**
420 Lexington Ave. Ste. 2821|New York, NY 10170
O: 212.681.6400|F: 212.681.6999
credmond@gkmrlaw.com|www.gkmrlaw.com

_____

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately. Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Camilla Redmond <credmond@gkmrlaw.com>
**Sent:** Thursday, June 12, 2025 10:42 AM
**To:** MENACHEM White <mwhite@wwlgny.com>; Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>
**Subject:** Re: Discovery responses for Felberbaum

Dear Counsel,

I confirm receipt of your email.

In your discovery response, you stated, "All documents in [y]our possession have been provided." However, we have not received any documentation from you. Please advise.

Additionally, regarding your statement, "Same will be provided upon receipt," could you specify the expected timeframe for production? Your deadline for submission is today.

In your response to Interrogatory 1, you state: "Myself and any others determined appropriate to testify will be provided as soon as possible with all necessary details." Following up on my email to you from yesterday, Petitioner's Initial Disclosures were due on June 6, 2025. We note that you are six days past your deadline, which was already extended by the Court. Please advise on your intention regarding serving the Petitioner's initial disclosures.

Also, you note in your response to RFP 9: "A. Same will be provided upon receipt if any if and when a decision is made regarding any expert witness to be called." Petitioner's deadline to serve Expert Disclosures was on June 3, 2025. We did not consent to an extension to this deadline, nor did the Court offer you more time to serve your expert disclosures.

Lastly, I note that your interrogatory responses have not been verified by your client, which is required under Rule 33 of the Federal Rules of Civil Procedure. Please provide a signed verification to accompany the responses.

We reserve all rights regarding your failure to comply with the Court's deadlines.

Best,
Camilla

**Camilla Redmond Costa| Green Kaminer Min & Rockmore LLP**
420 Lexington Ave. Ste. 2821|New York, NY 10170
O: 212.681.6400|F: 212.681.6999
credmond@gkmrlaw.com|www.gkmrlaw.com
_____

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately. Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** MENACHEM White <mwhite@wwlgny.com>
**Sent:** Thursday, June 12, 2025 10:11 AM
**To:** Camilla Redmond <credmond@gkmrlaw.com>; Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>
**Subject:** Discovery responses for Felberbaum

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear counsel,

Please see attached paperwork.

Very truly yours,

M. White, Esq.


--
--
The White Law Group
Nassau County Office
4 Brower Avenue, Suite 3
Woodmere, New York 11598
(516) 504-4101

Brooklyn Office
26 Court Street Suite 405
Brooklyn, New York 11242
P: (718) 858-4500
F: (718) 596-2610

Email: Mwhite@wwlgny.com
Website:FAMILYATTORNEYNY.COM

We do not accept service by email or facsimile

The information contained in this communication is confidential and may be legally privileged. It is intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient you are hereby (a) notified that any disclosure, copying, distribution or taking any action with respect to the content of this information is strictly prohibited and may be unlawful, and (b) kindly requested to inform the sender immediately and destroy any copies. The sender is neither liable for the proper and complete transmission of the information contained in this communication nor for any delay in its receipt.