# LAW OFFICE OF
# MENACHEM WHITE, PLLC

4 Brower Avenue, Suite 3
Woodmere, New York 11598
Phone (516) 504-4101

Menachem White, Esq., Senior Managing Member
Ivy Gabel, Senior Office Manager
Ruthie Elling, Paralegal

OF COUNSEL
Aleksandr Khutoryansky, Esq.
Jonathan Perez, Esq.

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Philip M. Halpern, U.S.D.J.
300 Quarropas Street
Courtroom 520
White Plains, NY 10601-4150

   *Re*: **Felderbaum v. Felderbaum**
      **Case No.: 7:24-cv-2333 (PMH) (VR)**

Dear Judge Halpern:

  This firm represents the Petitioner in this case, who respectfully submits this letter response in opposition to Respondent's premature and defective letter motion for a pre-motion conference in anticipation of his motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

  ¶ 4(D) of this Court's Individual Practices in Civil Cases (the "Individual Rules") could not be clearer:

> For discovery-related motions, follow Local Civil Rule 37.2, which requires the moving party to request a conference with the Court before the filing of any such motion. The pre-motion letter shall be a joint letter from all counsel limited to five pages double-spaced outlining the discovery disputes sought to be addressed. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required. The parties should be prepared to describe the time, place, and duration of the meeting, and to identify the counsel involved.

  As is evident from Respondent's submission, he has made no effort whatsoever to meet-and-confer as is required by the Individual Rules and Rule 37 ("In General. On notice to other parties …, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" and "[a] motion for sanctions … must include a certification that the movant has in good faith

conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action"). Indeed, Respondent is unable to describe the time, place, and duration of any meeting because no such meeting was even requested. See ECF Docket Entry 73-1. Further, the letter was submitted unilaterally when a joint letter was required.

Courts routinely deny discovery motions where the moving party has failed to meet and confer as required, even where the party against whom relief was sought was found to have violated a discovery order. See Raymond v City of New York, No. 15-CIV.-6885 (LTS) (SLC), 2020 WL 1067482, at *9 (S.D.N.Y. Mar. 5, 2020), reconsideration denied, 2020 WL 1847556 (S.D.N.Y. Apr. 13, 2020), and objections overruled, 2020 WL 3619014 (S.D.N.Y. July 2, 2020), and objections overruled, 2020 WL 3619014 (S.D.N.Y. July 2, 2020) (Plaintiffs' counsel's refusal to cooperate in meet and confer sessions contributed in part to the problem. Therefore, neither of Plaintiffs' proposed orders—striking Defendants' Answer or an adverse inference—would be just in this instance, where one party failed to comply with the Court's Order, but the other party seems to have frustrated the compliance"); see also Carling v. Peters, No. 10CIV.-4573 (PAE) (HBP), 2012 WL 1438261, at *2 (S.D.N.Y. Apr. 24, 2012) (denying letter motion to compel due to, inter alia, failure to meet and confer).

Indeed, the meet-and-confer requirement is "designed to promote efficiency in litigation," and may not be required where it proves futile and would only result in further delaying resolution of the dispute. See S.E.C. v Yorkville Advisors, LLC, No. 12-CIV.-7728 (GBD) (HBP), 2015 WL 855796, at *7 (S.D.N.Y. Feb. 27, 2015).

Had the Respondent offered to meet-and-confer as is required, Petitioner's counsel would have advised Respondent that Petitioner has been difficult to reach because she resides in Israel, which is currently in a state of war and Petitioner's limited knowledge of English. See Carvel v. Franchise Stores Realty Corp., No. 08-CIV.-8938 (JGK), 2009 WL 4333652, at *13 (S.D.N.Y. Dec. 1, 2009) ("The plaintiff also moves to compel the defendants to answer interrogatories. This motion is denied as untimely. Before making a discovery motion, the parties are required to meet and confer to determine if the motion can be resolved. See Fed. R. Civ. P. 37(a)(1). This was not done. Moreover, the moving party must ask for a pre-motion conference. See S.D.N.Y. Local Rule 37.2"); see also Veleron Holding, B.V. v BNP Paribas SA, No. 12-CIV.-5966 (CM) (RLE), 2014 WL 4184806, at *2 (S.D.N.Y. Aug. 22, 2014).

Notwithstanding, Petitioner has prepared all the relevant discovery materials and respectfully seeks a two (2) week extension of time in order to permit your undersigned to review them with the Petitioner. In light of the circumstances with Petitioner residing in a country that is subject to attack by missiles, there exists both good cause and excusable neglect sufficient for this Court to exercise its discretion in favor of granting the requested extension. See Fed. R. Civ. P. 6(b)(1)(B). Further, Respondent should be admonished to not file discovery motions unilaterally without meeting-and-conferring as required.

Petitioner thanks this honorable Court for its time and attention to this case. Very truly yours,

*Menachem White*
Menachem White, Esq.